UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLENCAIRN IP HOLDINGS LTD., and GLENCAIRN CRYSTAL STUDIO LTD., <br><br> Plaintiffs, <br><br> v. <br><br> USA ENTERPRISES, LLC, <br><br> Defendant. | 16 Civ. _____ <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiffs Glencairn IP Holdings Ltd. and Glencairn Crystal Studio Ltd. (collectively, "Glencairn"), by their attorneys, for their complaint against Defendant USA Enterprises, LLC, allege as follows:

## INTRODUCTION

1. Glencairn introduced the iconic GLENCAIRN® Glass, depicted on the following page and often referred to as the "Official Whisky Glass," in 2001 to fill a void in the whisky tasting and drinking glass markets, which Glencairn identified as lacking a dedicated whisky glass. The registered trade dress of the GLENCAIRN® Glass has come to be associated with top-notch quality glass, glass crafting, and whisky tasting.



2.      Defendant USA Enterprises, LLC is manufacturing and offering for sale a glass, depicted below, that imitates the GLENCAIRN® Glass and infringes on and misappropriates Glencairn's trademark rights in its iconic glass.



3.      Defendant is blatantly trading off of the goodwill associated with Glencairn's trade dress and the GLENCAIRN® Glass by offering for sale Defendant's infringing imitation of

the GLENCAIRN® Glass in a manner that is likely to cause consumer confusion and deceive the public regarding the source, sponsorship, or affiliation of the infringing glass with Glencairn.

4.      Glencairn turns to this Court to stop Defendant's misconduct and to prevent Defendant from engaging in any further misconduct.  This is an action at law and in equity for damages and injunctive relief based on Federal Trademark Infringement, Federal Unfair Competition, State Trade Dress Dilution, Common Law Trade Dress Infringement, and Common Law Misappropriation.  Among other relief, Glencairn asks this Court to: (i) preliminarily and permanently enjoin Defendant from manufacturing, selling, or offering for sale the infringing imitation glass; (ii) award Glencairn monetary damages; (iii) require Defendant to disgorge all of its profits from its sales of the infringing glass; and (iv) award Glencairn exemplary damages, attorneys' fees, and costs.

## THE PARTIES

5.      Glencairn IP Holdings Limited is a foreign private limited company organized and existing under the laws of the United Kingdom, having its office and principal place of business at 1-11 Langlands Avenue, East Kilbride, Scotland, G75 0YG.

6.      Glencairn Crystal Studio Limited is a foreign private limited company organized and existing under the laws of the United Kingdom, having its office and principal place of business at 1-11 Langlands Avenue, East Kilbride, Scotland, G75 0YG.

7.      USA Enterprises LLC is a limited liability company organized and existing under the laws of the State of New Jersey, with its principal place of business at 410 Monmouth Avenue, Lakewood, New Jersey 08701.

**JURISDICTION AND VENUE**

8.    This Court has subject matter jurisdiction over Glencairn's claims under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.  Additionally, this Court has subject matter jurisdiction over Glencairn's claims under 28 U.S.C. § 1332 because this action is between a citizen of a foreign country and a citizen of the United States, with an amount in controversy in excess of $75,000.

9.    This Court has personal jurisdiction over the Defendant at least because, on information and belief, Defendant transacts business within the State of New York, including by marketing, selling, and shipping the product giving rise to Glencairn's causes of action to purchasers located in New York, and has purposely availed itself of the privileges of conducting activities within the State of New York.

10.   Venue is proper in this district because Defendant resides in this judicial district for purposes of 28 U.S.C. § 1391(b)(2) because the product giving rise to Glencairn's causes of action has been sold within the Southern District of New York.

**FACTUAL ALLEGATIONS**

**A.    Glencairn's Trademark Rights**

11.   The GLENCAIRN® Glass is an iconic glass introduced to the market in 2001.

12.   Glencairn IP Holdings Ltd. is the owner of trademark rights in the distinctive trade dress of the GLENCAIRN® Glass (the "GLENCAIRN® Trade Dress"), including a Federal Trademark Registration, United States Registration No. 5,024,360 (the "'360 Registration"), issued by the United States Patent and Trademark Office on August 23, 2016, for the GLENCAIRN® Trade Dress, as depicted below, for "Beverage glassware, namely, whisky glasses."



Glencairn Crystal Studio Limited is the exclusive licensee of those trademark rights. A copy of the Certificate of Registration for the '360 Registration is attached as **Exhibit 1**.

13. Glencairn has distributed and sold the GLENCAIRN® Glass, which features the GLENCAIRN® Trade Dress, since as early as 2001, and in commerce in the United States since at least September 1, 2004. As a result of Glencairn's substantially exclusive and continuous use of the GLENCAIRN® Trade Dress and Glencairn's marketing and advertising efforts, Glencairn has acquired goodwill in connection with the GLENCAIRN® Glass, and the GLENCAIRN® Trade Dress has acquired distinctiveness. The GLENCAIRN® Trade Dress is nonfunctional, and the public recognizes and understands that the GLENCAIRN® Trade Dress distinguishes and identifies the GLENCAIRN® Glass from other products.

14. The glass in which liquor is served plays a significant role in building the cultural and social experience associated with that liquor. Whisky, especially single malt scotch whisky, did not have its own dedicated glass for centuries. Whisky master blenders used a copita glass for nosing and tasting whisky, but this glass was also used for nosing other liquors as well. In fact, the copita glass was also called a "dock glass" because it was used by buyers to nose and taste wine and spirit shipments at the dock before they accepted the shipment.

15. Over thirty years ago, Glencairn founder Raymond Davis recognized the opportunity to introduce a distinctive glass that would be associated with drinking whisky. Mr. Davis took great care in designing his glass to meet the needs of whisky drinking, including the tapered mouth for nosing, while also having a design that was distinctive and attractive to consumers. The result was the GLENCAIRN® Glass—a glass like no other before it.

16. In 2001, Glencairn launched the GLENCAIRN® Glass into the market with a 1,500-unit production that was released at the Whisky Live event in London. With this launch the GLENCAIRN® Glass was born to the world.

17. Glencairn invested heavily in marketing their distinctive and innovative design. Glencairn supplied GLENCAIRN® Glasses to whisky events and tastings across the globe, including in cities such as New York City, San Francisco, Chicago, Los Angeles, Boston, Lousiville, Portland, and Seattle. Many of these events have thousands of attendees each year and use the GLENCAIRN® Glass exclusively. Glencairn also has supplied the GLENCAIRN® Glass to distilleries in the United States that are well known and highly regarded for whisky production, including, for instance, Brown Forman, Jim Beam, and Tuthilltown. These distilleries hold mini shows and regular tastings of varying sizes using the GLENCAIRN® Glass.

18. Glencairn has secured industry exposure for the GLENCAIRN® Glass through publications as well. For example, the GLENCAIRN® Glass has appeared in *Whisky Magazine* on several occasions and was featured in *Malt Advocate* magazine in 2002. The GLENCAIRN® Glass was also advertised for sale in Playboy Magazine in the United States and appeared in the Whiskies of the World official event program in San Francisco in 2003.

19.     The GLENCAIRN® Glass has won several awards and accolades, including The Queen's Award for Enterprise: Innovation in 2006; The Queen's Award for Enterprise: International Trade in 2012; the Scottish Marketing Award for Innovation in 2008; the National Business Award for Innovation and Marketing Excellence Award for Best Marketing Strategy; and the 17th Annual *Malt Advocate* Whisky Awards "Industry Leader of the Year."

20.     The money and effort Glencairn has spent marketing the GLENCAIRN® Glass has returned financial success as well.  Since launching the GLENCAIRN® Glass with the 1,500-unit production in 2001, Glencairn's sales of the GLENCAIRN® Glass have reached over 20 million glasses globally, with annual sales to the United States of approximately one million glasses.

**B.     Defendant's Wrongful and Infringing Conduct**

21.     Defendant manufactures, advertises, sells, and otherwise uses in commerce a glass under the name Bellemain (the "Bellemain Glass").  The Bellemain Glass is a copy and colorable imitation of the GLENCAIRN® Glass—and GLENCAIRN® Trade Dress—and is causing consumer confusion as to the nature and source or origin of the Bellemain Glass.  A side-by-side comparison of the infringing Bellemain Glass, the GLENCAIRN® Glass, and the drawing of the GLENCAIRN® Trade Dress from the '360 Registration is included below.



Bellemain Glass        GLENCAIRN® Glass        GLENCAIRN® Trade Dress

22. On information and belief, Defendant was familiar with the GLENCAIRN® Glass and GLENCAIRN® Trade Dress when Defendant created, manufactured, and began advertising and selling the infringing Bellemain Glass.

23. Defendant has exploited and is exploiting the commercial success and global recognition of the GLENCAIRN® Glass and GLENCAIRN® Trade Dress to Defendant's commercial advantage. Defendant copied the GLENCAIRN® Glass and GLENCAIRN® Trade Dress and misappropriated Glencairn's investment, goodwill, and market share by selling the infringing Bellemain Glass at an inferior quality and lower price to would-be consumers of the GLENCAIRN® Glass. Indeed, consumer forums, industry articles, and purchaser reviews have referred to the Bellemain Glass as a "Glencairn knock-off" and a "generic Glencairn."

24. The infringing Bellemain Glass competes with the GLENCAIRN® Glass and is sold through overlapping channels of trade, including through online marketplaces.

25. Defendant's use of a confusingly similar imitation of the GLENCAIRN® Trade Dress is likely to deceive, confuse, and mislead actual and prospective purchasers before, during, and after purchase into believing that the whisky glass sold by Defendant is manufactured or

8

authorized by, or in some manner associated with Glencairn.  The Bellemain Glass is not manufactured by Glencairn, and neither Defendant nor the Bellemain Glass is associated, affiliated, or connected with Glencairn, or licensed, authorized, sponsored, endorsed, or approved by Glencairn in any way.

26. This deception, confusion, and misleading conduct is particularly damaging with respect to consumers who perceive a defect or lack of quality in the Bellemain Glass.

27. Defendant continues to manufacture, advertise, sell, and otherwise use in commerce its confusingly similar imitation of the GLENCAIRN® Trade Dress in connection with the sale of a product that directly competes with the GLENCAIRN® Glass.  Defendant began selling its imitation after Glencairn had established protectable rights in the GLENCAIRN® Trade Dress.

28. Glencairn has lost market share and sales due to Defendant's activities and misconduct.  As a direct and proximate result of Defendant's conduct, Glencairn has suffered damages in an amount that is presently unknown but exceeds $75,000.  Such conduct also has caused and is causing irreparable harm to the goodwill symbolized by the GLENCAIRN® Trade Dress and the reputation for quality that the GLENCAIRN® Trade Dress embodies.

29. Defendant's activities and misconduct have been knowing, intentional, and willful.  Defendant has continued to offer its infringing Bellemain Glass even after Glencairn brought its trademark rights and the '360 Registration to Defendant's attention.  Defendant has thus acted in bad faith, with malicious intent, and in knowing disregard of Glencairn's rights.

## FIRST CLAIM FOR RELIEF

### (Federal Trade Dress Infringement – Lanham Act § 32, 15 U.S.C. § 1114)

30. Glencairn repeats and incorporates by reference the allegations set forth in paragraphs 1 through 29 above.

31. Glencairn owns United States Trademark Registration Number 5,024,360 for the GLENCAIRN® Trade Dress. Glencairn has used the GLENCAIRN® Trade Dress in commerce in the United States since at least September 1, 2004.

32. Defendant's unauthorized use of a confusingly similar imitation of the GLENCAIRN® Trade Dress is likely to cause confusion, mistake, and deception by creating the false and misleading impression that the Bellemain Glass is manufactured or distributed by Glencairn, is associated or connected with Glencairn, or has the sponsorship, endorsement, or approval of Glencairn.

33. The aforesaid conduct constitutes trade dress infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

34. Defendant's conduct demonstrates a willful violation of Glencairn's rights and an intent to trade on the goodwill associated with the GLENCAIRN® Trade Dress.

35. Defendant's conduct has caused and, unless enjoined by this court, will continue to cause Glencairn irreparable injury. This injury includes a reduction in the distinctiveness of the GLENCAIRN® Trade Dress and injury to Glencairn's reputation that cannot be remedied through damages. Glencairn has no adequate remedy at law and is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

36. Pursuant to 15 U.S.C. § 1117(a), Glencairn is also entitled to recover (i) Defendant's profits, (ii) Glencairn's ascertainable damages, and (iii) Glencairn's costs of suit. Furthermore, Defendant's willful infringement of the GLENCAIRN® Trade Dress without

excuse or justification renders this an exceptional case and entitles Glencairn to its reasonable attorney fees.

## SECOND CLAIM FOR RELIEF

### (Federal Unfair Competition – Lanham Act § 43(a), 15 U.S.C. § 1125(a))

37. Glencairn repeats and incorporates by reference the allegations set forth in paragraphs 1 through 36 above.

38. Glencairn has used the GLENCAIRN® Glass and GLENCAIRN® Trade Dress in commerce in the United States since at least September 1, 2004. The relevant consuming market of the United States widely recognizes the distinctive GLENCAIRN® Glass and GLENCAIRN® Trade Dress as a designation of source.

39. Through the use of a confusingly similar imitation of the GLENCAIRN® Glass and GLENCAIRN® Trade Dress, Defendant is knowingly and intentionally misrepresenting and falsely designating to the general public the origin, sponsorship, and approval of the Bellemain Glass and the affiliation, connection, and association of Defendant with Glencairn, so as to create a likelihood of confusion among the public as to the origin, sponsorship, and approval of the Bellemain Glass and the affiliation, connection, and association of Defendant with Glencairn.

40. The aforesaid conduct constitutes false endorsement, false designation of origin, and unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

41. Defendant's conduct demonstrates a willful violation of Glencairn's rights and an intent to trade on the goodwill associated with the GLENCAIRN® Glass and GLENCAIRN® Trade Dress.

42.     Defendant's conduct has caused and, unless enjoined by this court, will continue to cause Glencairn irreparable injury.  This injury includes a reduction in the distinctiveness of the GLENCAIRN® Glass and GLENCAIRN® Trade Dress and injury to Glencairn's reputation that cannot be remedied through damages.  Glencairn has no adequate remedy at law and is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

43.     Pursuant to 15 U.S.C. § 1117(a), Glencairn is also entitled to recover (i) Defendant's profits, (ii) Glencairn's ascertainable damages, and (iii) Glencairn's costs of suit.  Furthermore, Defendant's willful infringement of the GLENCAIRN® Glass and GLENCAIRN® Trade Dress without excuse or justification renders this an exceptional case and entitles Glencairn to its reasonable attorney fees.

## THIRD CLAIM FOR RELIEF

### (State Trade Dress Dilution – New York General Business Law § 360-*l*)

44.     Glencairn repeats and incorporates by reference the allegations set forth in paragraphs 1 through 43 above.

45.     Glencairn owns United States Trademark Registration Number 5,024,360 for the GLENCAIRN® Trade Dress and has used the GLENCAIRN® Trade Dress in commerce in the United States since at least September 1, 2004.  The relevant consuming market of the United States widely recognizes the distinctive GLENCAIRN® Trade Dress as a designation of source.

46.     Defendant's unauthorized use of a substantially similar imitation of the GLENCAIRN® Trade Dress is likely to erode the public's exclusive identification of the distinctive GLENCAIRN® Trade Dress with Glencairn and otherwise lessen the capacity of the GLENCAIRN® Trade Dress to identify and distinguish Glencairn's goods and services.

47. Defendant's unauthorized use of a substantially similar imitation of the GLENCAIRN® Trade Dress for the inferior Bellemain Glass also is likely to tarnish and degrade consumers' positive quality associations with the GLENCAIRN® Trade Dress.

48. The aforesaid conduct constitutes trade dress dilution in violation of Section 360-*l* of the New York General Business Law.

49. Defendant's conduct demonstrates a willful violation of Glencairn's rights and an intent to trade on the goodwill associated with the GLENCAIRN® Trade Dress.

50. Defendant's conduct has caused and, unless enjoined by this court, will continue to cause Glencairn irreparable injury. This injury includes a reduction in the distinctiveness of the GLENCAIRN® Trade Dress and injury to Glencairn's reputation that cannot be remedied through damages. Glencairn has no adequate remedy at law and is therefore entitled to injunctive relief.

## FOURTH CLAIM FOR RELIEF

### (Common Law Trade Dress Infringement)

51. Glencairn repeats and incorporates by reference the allegations set forth in paragraphs 1 through 50 above.

52. Glencairn has used the GLENCAIRN® Glass and GLENCAIRN® Trade Dress in commerce in the United States since at least September 1, 2004. The relevant consuming market of the United States widely recognizes the distinctive GLENCAIRN® Glass and GLENCAIRN® Trade Dress as a designation of source.

53. Defendant's unauthorized use of a confusingly similar imitation of the GLENCAIRN® Glass and GLENCAIRN® Trade Dress is likely to cause confusion, mistake, and deception by creating the false and misleading impression that the Bellemain Glass is

manufactured or distributed by Glencairn, is associated or connected with Glencairn, or has the sponsorship, endorsement, or approval of Glencairn.

54. The aforesaid conduct constitutes trade dress infringement under New York common law.

55. Defendant's conduct demonstrates a willful violation of Glencairn's rights and an intent to trade on the goodwill associated with the GLENCAIRN® Glass and GLENCAIRN® Trade Dress.

56. Defendant's conduct has caused and, unless enjoined by this court, will continue to cause Glencairn irreparable injury. This injury includes a reduction in the distinctiveness of the GLENCAIRN® Glass and GLENCAIRN® Trade Dress and injury to Glencairn's reputation that cannot be remedied through damages. Glencairn has no adequate remedy at law and is therefore entitled to injunctive relief.

57. Glencairn is also entitled to recover, at a minimum, (i) Defendant's profits, (ii) Glencairn's ascertainable damages, and (iii) Glencairn's costs of suit. In light of Defendant's willful infringement of the GLENCAIRN® Glass and GLENCAIRN® Trade Dress without excuse or justification, Glencairn is additionally entitled to punitive damages.

## FIFTH CLAIM FOR RELIEF

**(Common Law Misappropriation)**

58. Glencairn repeats and incorporates by reference the allegations set forth in paragraphs 1 through 57 above.

59. Glencairn has invested substantial time, money, effort, and skill to develop the high-quality product that is the GLENCAIRN® Glass. Glencairn has also invested substantial time, money, effort, and skill to generate recognition of the GLENCAIRN® Glass among the

consuming public.  Through those efforts, Glencairn has built up valuable goodwill in the GLENCAIRN® Glass and GLENCAIRN® Trade Dress.

60. By producing and selling a confusingly similar imitation of the GLENCAIRN® Glass and GLENCAIRN® Trade Dress, Defendant has intentionally misappropriated the goodwill associated with the GLENCAIRN® Glass and GLENCAIRN® Trade Dress for Defendant's advantage.

61. The aforesaid conduct constitutes unfair competition under New York common law.

62. Defendant's conduct has caused and, unless enjoined by this court, will continue to cause Glencairn irreparable injury.  This injury includes a reduction in the distinctiveness of the GLENCAIRN® Glass and GLENCAIRN® Trade Dress and injury to Glencairn's reputation that cannot be remedied through damages.  Glencairn has no adequate remedy at law and is therefore entitled to injunctive relief.

63. Glencairn is also entitled to recover, at a minimum, (i) Defendant's profits, (ii) Glencairn's ascertainable damages, and (iii) Glencairn's costs of suit.  In light of Defendant's willful misappropriation of the goodwill associated with the GLENCAIRN® Glass and GLENCAIRN® Trade Dress without excuse or justification, Glencairn is additionally entitled to punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Glencairn respectfully requests that this Court:

a) Preliminarily and permanently enjoin Defendant, its agents, servants, officers, directors, employees, representatives, successors, and assigns, and all others acting in concert or participation with Defendant, from manufacturing, selling, or offering for sale the Bellemain Glass or any colorable imitation or variation that is

confusingly or substantially similar to the GLENCAIRN® Glass and GLENCAIRN® Trade Dress;

b)  Award Glencairn its ascertainable damages, costs, and attorney fees;

c)  Award Glencairn Defendant's profits attributable to the Bellemain Glass;

d)  Grant such other and further relief to Glencairn as the Court deems just and appropriate under the circumstances.

### DEMAND FOR JURY TRIAL

Glencairn demands a jury trial on all issues so triable.

Dated:  November 29, 2016                     O'MELVENY & MYERS LLP


By:  */s/ Mark E. Miller*
Mark E. Miller
markmiller@omm.com
Abby F. Rudzin
arudzin@omm.com
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York  10036-6524
Ph: (212) 326-2000
Fx: (212) 326-2061

Darin W. Snyder (*pro hac vice application forthcoming*)
dsnyder@omm.com
Jesse J. Koehler (*pro hac vice application forthcoming*)
jkoehler@omm.com
Cara L. Gagliano (*pro hac vice application forthcoming*)
cgagliano@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor

San Francisco, CA 94111-3823
(415) 984-8700

*Counsel for Plaintiffs Glencairn IP Holdings Ltd. and Glencairn Crystal Studio Ltd.*